UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MICHAEL CUMMINGS (#229076)

VERSUS                                  CIVIL ACTION

N. BURL CAIN, ET AL                     NUMBER 09-728-JVP-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 16, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL CUMMINGS (#229076)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 09-728-JVP-SCR

<u>MAGISTRATE JUDGE'S REPORT</u>

Before the court on the petition of Michael Cummings for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons which follow, the petition should be dismissed as untimely.

**Procedural History**

Petitioner was found guilty of one count possession of cocaine in excess of 200 grams but less than 400 grams (Count I), one count possession with intent to distribute cocaine (Count II), and one count distribution of cocaine (Count III) in the Nineteenth Judicial District Court for the Parish of East Baton Rouge on June 20, 2001.[1] Following a habitual offender hearing the petitioner was sentenced on Count I to life imprisonment at hard labor, without the benefit of probation, parole, or suspension of sentence, in the custody of the Louisiana Department of Corrections. Inexplicably, the petitioner was not sentenced on

---

[1] These are the count designations used by the Louisiana First Circuit Court of Appeal in its 2003 opinion. In the Bill of Information these counts were Counts III, IV and V, respectively.

1

Counts II and III.

The Louisiana First Circuit Court of Appeal affirmed the conviction on Count I and the habitual offender adjudication. The court remanded the case for sentencing on Counts II and III. *State of Louisiana v. Michael Cummings*, 2003-0008 (La. App. 1st Cir. 9/26/03) (unpublished opinion). Petitioner sought review by the Louisiana Supreme Court. On May 14, 2004, the Louisiana Supreme Court denied review. *State of Louisiana v. Michael Cummings*, 2003-2975 (La. 5/14/04); 872 So.2d 511.

Petitioner signed an application for post-conviction relief (PCRA) on March 16, 2005, and it was filed on April 7, 2005. On January 26, 2007, the trial court granted the PCRA in part, vacating the petitioner's conviction for possession with intent to distribute cocaine (Count II) on double jeopardy grounds, and in all other respects denied relief. Petitioner did not seek further review of his PCRA by the appellate courts.

While the PCRA was pending, on January 5, 2007, the trial court granted the petitioner's Motion to Amend Sentence pursuant to LSA-R.S. 15:308.[2] On February 15, 2007, the Louisiana First Circuit Court of Appeal vacated the district court's ruling and remanded for the district court to sentence the petitioner on

---

[2] State Court Record, Vol. 3, transcript of hearing on Motion to Reconsider Sentence, p. 10-14.

2

Counts II and III only.[3]

Petitioner filed a Motion to Quash Sentencing on Count II and Count III on grounds that there had been an unreasonable delay in sentencing.[4]  On June 27, 2007, the petitioner also filed a Motion to Vacate Sentence as to Count I on grounds that because the petitioner's conviction for possession with intent to distribute (Count II) was vacated, he must be resentenced on Count I.  A hearing on the two motions was held on September 12, 2007.[5]  The district court granted the petitioner's Motion to Quash as to Count III.[6]  The district court denied the petitioner's Motion to Vacate Sentence as to Count I.[7]  The State sought review of the district court's grant of the petitioner's Motion to Quash Sentence.  The First Circuit granted the writ and remanded to the trial court for sentencing on Count III.  *State of Louisiana v. Michael Cummings*, 2007-2060 (La. App. 1st Cir. 11/28/07) (unpublished opinion). Petitioner sought review by the Louisiana Supreme Court, which denied review on January 30, 2009.  *State of Louisiana v. Michael*

---

[3] A copy of the Louisiana First Circuit Court of Appeal decision was not filed in the state court record.  However, neither the substance of the decision nor the date it was issued are disputed.

[4] A copy of the Motion to Quash was not filed in the record.

[5] State Court Record Vol. 1, pp. 20-47.

[6] *Id.* at 46.

[7] *Id.*

*Cummings*, 2007-2497 (La. 1/30/09); 999 So.2d 740.

On September 10, 2007, the petitioner filed a Motion to Reconsider Habitual Offender Sentence.[8]  A hearing on the motion was held on September 13, 2007.[9]  The district court denied the motion.[10]

Petitioner sought review of the district court's denial of his Motion to Vacate Sentence as to Count I and his Motion to Reconsider Habitual Offender Sentence.  The Louisiana First Circuit Court of Appeal denied review.  *State of Louisiana v. Michael Cummings*, 2008-0160 (La. App. 1st Cir. 3/24/08).  Petitioner sought review by the Louisiana Supreme Court.  On March 27, 2009, the Louisiana Supreme Court denied review.  *State of Louisiana v. Michael Cummings*, 2008-0838 (La. 3/27/09); 5 So.3d 131.

On May 6, 2009, the petitioner was sentenced to five years imprisonment at hard labor without benefit of probation, parole or suspension of sentence on the distribution of cocaine (Count III) conviction.[11]  Petitioner appealed his conviction and sentence to the Louisiana First Circuit Court of Appeal.  That appeal is currently pending.  *State of Louisiana v. Michael Cummings*, No. 2010-0271 (La. App. 1st Cir.).

-----

[8] *Id*. at 62.

[9] *Id*. at 49-59.

[10] *Id*. at 57-58.

[11] State Court Record, Vol. 3, Sentencing Transcript.

4

Petitioner mailed his federal application for habeas corpus on September 3, 2009, and it was filed on September 4, 2009.

On March 17, 2010, the petitioner was given 14 days to file a motion dismissing all grounds for relief which have not been fully exhausted through the state courts, and was informed that if he failed to do so his entire federal habeas corpus application would be denied as a mixed petition.[12]  On March 25, 2010, the petitioner filed a motion to dismiss all grounds for relief which have not been fully exhausted through the state courts, i.e., all claims raised related to his conviction and sentence on charges of distribution of cocaine (Count III).   On April 8, 2010, the petitioner's motion to dismiss unexhausted claims was granted.[13]

No evidentiary hearing is required.   Petitioner's federal habeas corpus application as to his conviction and sentence for possession of cocaine in excess of 200 grams but less than 400 grams (Count I) is untimely.

## Applicable Law

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus.   The limitation period

---

[12] Record document number 13.

[13] Record document number 16.

runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection.  A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998).  A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level.  *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

Petitioner's conviction on one count possession of cocaine in excess of 200 grams but less than 400 grams (Count I) became final on August 16, 2004.[14]  From the date the petitioner's conviction

---

[14] For the purpose of § 2244(d)(1)(A), a state conviction becomes final upon the conclusion of direct review or the expiration of the time for seeking such review. Finality is established by the expiration of the 90-day period to seek a petition for writ of certiorari to the Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998).
The conviction became final on August 14, 2004, which was a Saturday.  Thus, the time period was extended to the next business

became final on August 16, 2004, until March 16, 2005, the date the petitioner signed his PCRA, 211 days of the limitations period elapsed.  The limitations period was tolled from March 16, 2005, the date the petitioner filed his PCRA, until January 26, 2007, the date the trial court denied the  petitioner's PCRA.

From January 5, 2007, the date the trial court granted the petitioner's Motion to Amend Sentence Pursuant to LSA-R.S. 15:308, until February 15, 2007, the date the Louisiana First Circuit Court of Appeal vacated the district court's ruling, the limitations period remained tolled.[15]  From February 15, 2007, the date the appellate court vacated the district court's ruling, until June 27, 2007, the date the petitioner filed a Motion to Vacate Sentence as to Count I, 131 days of the limitations period elapsed.[16]

From June 27, 2007, the date the petitioner filed a Motion to Vacate Sentence as to Count I, until September 12, 2007, the date the district court denied the motion, the limitations period was tolled.  The limitations period remained tolled from September 10,

---

day for the court, which was Monday, August 16.

[15]   The   court   will   assume,   without   deciding,   that   the petitioner's Motion to Amend Sentence Pursuant to LSA-R.S. 15:308, Motion to Vacate Sentence as to Count I and Motion to Reconsider Habitual Offender Sentence constitute "other collateral review" under 28 U.S.C. § 2244(d)(2).  *See, Hutson v. Quarterman*, 508 F.3d 236 (5th Cir. 2007).

[16] Petitioner also filed a Motion to Quash Sentencing on Count II and Count III.  Because this motion did not relate to Count I, it did not toll the limitations period as to Count I.

2007, the date the petitioner filed a Motion to Reconsider Habitual Offender Sentence, until September 13, 2007, the date the district court denied the motion.

From September 13, 2007, the date the district court denied the petitioner's Motion to Reconsider Habitual Offender Sentence, until the Louisiana Supreme Court denied review on the Motion to Vacate Sentence as to Count I and Motion to Reconsider Habitual Offender Sentence on March 27, 2009, the limitations period remained tolled.

From March 27, 2009, the date the Louisiana Supreme Court denied review, until September 3, 2009, the date the petitioner signed his federal habeas corpus application, 159 days of the limitations period elapsed.

By the time petitioner filed his federal habeas corpus application on September 3, 2009, more than one year of the limitations period (501 days) elapsed. Petitioner's federal habeas corpus application was not timely filed.[17]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed,

---

[17]  For equitable tolling to apply, the applicant must diligently pursue his § 2254 relief. *Coleman v. Johnson*, 184 F.3D 398 (5th Cir. 1999). A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

8

with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, April 16, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE